IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELVIN LOPEZ-SANCHEZ,<br><br>                 Petitioner,<br><br>     vs.<br><br>TODD BLANCHE, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ALLEN GILL, in his official capacity as Field Office Director of Omaha; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and  DEPARTMENT OF HOMELAND SECURITY,<br><br>                 Respondents. | **8:26CV264**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Kelvin Lopez-Sanchez's Petition for Writ of Habeas Corpus.  Filing No. 1.  He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge.  Respondents argue Petitioner is not entitled to a bond hearing and is properly detained.  For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

I.    BACKGROUND

Petitioner is a native and citizen of Nicaragua.  Filing No. 1 at 11.  He entered the United States without inspection in December 2021.  Filing No. 6 at 3.  On May 6, 2026, ICE fugitive operations officers encountered and arrested Petitioner at the Sarpy County Courthouse.  Filing No. 1 at 4; Filing No. 6 at 3.  The same day, DHS issued a warrant for Petitioner's arrest.  Filing No. 6-2.  ICE detained him pursuant to INA § 235(b)(2)(A) which requires mandatory detention for arriving aliens seeking admission.

1

Petitioner seeks a writ of habeas corpus ordering Respondents to release him. Filing No. 1.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A).  Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country.  Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect.  *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026).  Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed.  *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed.*

2

*Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case.

Additionally, there is a possibility that Petitioner's detention is also unlawful because the warrant for his arrest was obtained after he was already taken into custody by ICE. *Avila* stands for the proposition that the government may arrest non-citizens already under the country pursuant to 8 U.S.C. § 1225(b)(2)(A) which then entitles them to no bond. *Avila*, 170 F.4th at 1138. But here, it appears Respondents did not arrest Petitioner under 8 U.S.C. § 1225(b)(2)(A). The Form I-200 warrant for Petitioner's arrest was directed to: "Any immigration officer authorized *pursuant to sections 236* [8 U.S.C. § 1226] *and 287* [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." Filing No. 6-2 at 1 (emphasis added). Therefore, Respondents must justify Petitioner's arrest under either Section 1226(a) or Section 1357.

3

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In other words, prior to detaining a noncitizen under § 1226(a), a warrant is required. *See Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)).

Upon reviewing the record, it is unclear whether Respondents obtained the warrant prior to taking Petitioner into custody. The parties agree that ICE encountered Petitioner at the Sarpy County courthouse and obtained a warrant that same day, but the record does not reveal if the warrant preceded Petitioner's arrest or not. If it did not precede Petitioner's arrest, his detention would be unlawful under 8 U.S.C. § 1226(a).

The other section referenced in the warrant is 8 U.S.C. § 1357. Under § 1357(a)(2), an immigration officer may "arrest any alien in the United States" without a warrant "if he has reason to believe that the alien . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The Eighth Circuit has interpreted "the term 'reason to believe' in § 1357(a)(2) [to] mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). Therefore, to the extent Respondents might attempt to argue that Petitioner is an "applicant for admission" and was therefore detained under § 1225(a)(2)(B) rather than § 1226(a), they must have complied with § 1357 in order to make a warrantless arrest of Petitioner.

Although the record supports that there was probable cause to believe Petitioner was unlawfully present in the United States, the record is devoid of evidence that

4

Petitioner was "likely to escape" before Respondents could obtain a warrant. Importantly, the mere fact Respondents had reason to believe Petitioner was here unlawfully does not in and of itself generate a likelihood of escape. *See Hector J.A.S.*, 2026 WL 1243500, at *3 ("Anyone without a lawful presence does not immediately present a likelihood of escape merely by being a noncitizen." (citation omitted)). Respondents make no argument about why Petitioner may have been likely to escape. Because Respondents have not shown that Petitioner was likely to escape before they could obtain a warrant, they have failed to comply with 8 U.S.C. § 1357 and his warrantless arrest under § 1225(b)(2(A) would therefore be unlawful.

Ultimately, however, because of the dearth of evidence in the record, Petitioner has failed to meet his burden to show an issue with either the warrant or his warrantless arrest. Nevertheless, based on the due process violation as set forth above, the Court finds Petitioner must be released. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing at which the government must demonstrate he is a flight risk or danger to the community in order to justify his continuing detention.

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on June 23, 2026.**

5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing as outlined herein.

Dated this 18th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

6